NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3825
     Facsimile: (213) 894-0141
     E-mail:   lauren.restrepo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHRISTOPHER PSAILA,<br><br>　　　　Defendant. | No. CR 17-257-FMO<br><br>STIPULATION REGARDING REQUEST FOR FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**　　06/16/2020<br><br>**PROPOSED TRIAL DATE:**　　10/27/2020 |

　　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Lauren Restrepo, and defendant CHRISTOPHER PSAILA ("defendant"), both individually and by and through his counsel of record, Steven Joseph Renshaw, hereby stipulate as follows:

　　　　1.　　The Indictment in this case was filed on April 28, 2017. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 11, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

1 trial commence on or before July 20, 2017. On May 11, 2017, the
2 Court set a trial date of July 11, 2017, at 8:30 a.m.
3     2. Defendant was released on bond pending trial. The parties
4 estimate that the trial in this matter will last approximately four
5 days.
6     3. The Court has previously continued the trial date in this
7 case and found the interim time periods to be excluded in computing
8 the time within which the trial must commence, pursuant to the Speedy
9 Trial Act.
10     4. By this stipulation, defendant moves to continue the trial
11 date to October 27, 2020 at 9:00 a.m. and to continue the pretrial
12 conference to October 16, 2020, at 2:00 p.m. The parties also
13 propose the following changes to the pretrial deadlines: (1)
14 government's supplemental disclosure due September 18, 2020; (2)
15 discovery cut-off and defendant's discovery disclosure due September
16 18, 2020; (3) all pretrial motions, including motions <u>in limine</u>, and
17 pretrial exhibit stipulation, due September 25, 2020; (4) oppositions
18 to pretrial motions, joint proposed jury instructions, and proposed
19 verdict forms due October 2, 2020; and (5) replies to pretrial
20 motions, joint statement of the case, proposed voir dire questions,
21 and government's trial memorandum due October 9, 2020.
22     5. Defendant requests the continuance based upon the following
23 facts, which the parties believe demonstrate good cause to support
24 the appropriate findings under the Speedy Trial Act:
25         a. Defendant is charged in a nine-count indictment with
26 seven counts of violating 18 U.S.C. § 1343 (wire fraud), one count of
27 violating 18 U.S.C. § 1029(a)(2) (use of unauthorized access device),
28 and one count of violating 18 U.S.C. § 1028A(a)(1) (aggravated

identify theft). The government has produced over 3,500 pages of discovery to defendant, including financial records, credit card statements, invoices, interview notes, other documents, and images, as well as an audio-recorded statement including defendant.

      b. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The Court subsequently continued that suspension through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020).

      c. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-044 (March 31, 2020).

   d. These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  <u>See</u> General Order 20-02, at 1.  The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether.  <u>See</u> Order of the Chief Judge No. 20-042, at 1-2.

   e. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions.  California Executive Order N-33-20 (March 19, 2020); <u>accord</u> Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020).  Subject to similarly limited exceptions, all travel is prohibited.  Safer At Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers have been ordered to cease operations.  <u>Id.</u> ¶ 2.  All schools in the Los Angeles Unified School District are closed through the summer of 2020.

   f. As these orders reflect, the novel coronavirus pandemic is a global emergency that is unprecedented in modern history.  As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus is spreading through the United States community at an alarming rate.  <u>See</u> Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), <u>available at</u> <u>https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html</u>; Coronavirus Disease 2019 (COVID-19), California Department

4

of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx. The death toll, across the world, is staggering.

    g.  Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. As the President, the California governor, the Los Angeles mayor, and this Court's own General Orders have recognized, we are in the midst of a grave public-health emergency requiring people to take extreme measures to limit contact with one another.  In addition to concerns for prospective jurors' health and the ability of the Court to obtain--and maintain--an adequate number of jurors, an ends-of-justice delay is particularly apt because:

        i.  The closure of Los Angeles's public schools (through the summer of 2020), will require a significant number of jurors to handle child-care responsibilities and thus be unavailable for jury service.

        ii.  It will be almost impossible for jurors--particularly jurors over 65--to maintain adequate social distance during jury selection, trial, and deliberations.  Indeed, to leave their homes to come to court, such jurors would violate the recommendations of the Centers for Disease Control and multiple other public-health authorities.

        iii. Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

      h.    Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      i.    In addition, defense counsel represents that because of the COVID-19 pandemic, all of his other state court trial dates have been taken off-calendar, to be continued to a later date. It is unknown at this time when these trials will be put back on calendar, however defense counsel anticipates that, at this time, they will move forward in the early Fall 2020.

      j.    In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      k.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      l.    The government does not object to the continuance.

   m. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 16, 2020 to October 27, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

///

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 15, 2020                     Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        CHRISTOPHER D. GRIGG
                                        Assistant United States Attorney
                                        Chief, National Security Division


                                         */s/ Lauren Restrepo*
                                        LAUREN RESTREPO
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am CHRISTOPHER PSAILA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 27, 2020, is an informed and voluntary one.

_/s/ Steven Joseph Renshaw_  5/15/20
STEVEN JOSEPH RENSHAW       Date
Renshaw & Associates
Attorneys for Defendant
CHRISTOPHER PSAILA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 27, 2020. I understand that I will be ordered to appear in Courtroom 6D of the United States Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012 Federal Courthouse, on October 16, 2020 at 2:00 p.m., for a pretrial conference, and on October 27, 2020 at 9:00 a.m., for trial.

_/s/ Christopher Psaila_  5-15-20
CHRISTOPHER PSAILA          Date
Defendant

9